UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
                                      )

**MELIKT MENGISTE,**                )

      **Plaintiff,**             )

         **v.**                    )         **Case No. 1:17-cv-00240 (APM)**

**1901-07 15TH STREET, N.W.**      )
**COOPERATIVE ASSOCIATION, et al.,**   )

      **Defendants.**          )
_____ )

## ORDER

Before the court is Defendant 1901-07 15th Street, N.W. Cooperative Association and Defendant Delia Thompson's Motion for Summary Judgment. *See* Defs.' Mot. for Summ. J., ECF No. 21. The court has carefully reviewed the parties' submissions, including the record evidence, and denies Defendants' Motion.

There remains a genuine dispute of material fact as to (1) whether the actual reason for Defendants' refusal to lease a rental property to Plaintiff Melikt Mengiste was because of her national origin (Counts I and II); (2) whether Defendant Delia Thompson made a statement with respect to renting a dwelling that indicates discrimination based on national origin (Counts III and IV); and (3) whether Defendants subjected Plaintiff to more onerous terms and conditions in the leasing process based on her national origin (Count V and VI). As to each of those disputed facts, there is direct evidence to support Plaintiff's claims, primarily from the Declaration of Michele Washington, the Property Manager for the 1901-07 15th Street, N.W. Cooperative Association who worked with Ms. Mengiste during the rental application process. *See generally* Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Summ. J., ECF No. 23 [hereinafter Pl.'s Mem.], Attach. 1,

ECF No. 23-1 [hereinafter Pl.'s Exs.], Ex. 5, Washington Decl., at 305–12. Additionally, as to the first disputed fact, there is ample circumstantial evidence from which a reasonable jury could conclude that Defendants' proffered non-discriminatory reason for rejecting Plaintiff's rental application was a pretext for discrimination based on Plaintiff's national origin. *See generally* Pl.'s Mem. at 6–15 (detailing extensive evidence of shifting explanations for denial of rental application). Finally, there is sufficient evidence to put to a jury the question of whether to award punitive damages under the Fair Housing Act, 42 U.S.C. § 3613(c)(1), and the District of Columbia Human Rights Act, D.C. Code § 2-1403.16(b).

As to Plaintiff's request to order Defendants to show cause why they should not be sanctioned for filing a frivolous summary judgment motion, *see* Pl.'s Mem. at 24–25, the court requires additional information before deciding whether to grant that request. Specifically, it is not clear to the court to what extent Defendants' counsel knew, at the time she filed the motion for summary judgment, about the expected testimony of Ms. Washington. Quite clearly, Ms. Washington supplies favorable evidence as to each of Plaintiff's claims. Yet, Ms. Washington signed her Declaration *after* Defendants filed their Motion, *see* Pl.'s Exs. at 312 (declaration signed on January 25, 2018, less than a week before Plaintiff filed her opposition brief), and the court cannot determine from the record whether Ms. Washington was questioned during discovery, as neither party cites to any deposition testimony from her. Thus, based on the present record, it would be premature to issue an order to show cause, as Defendants' counsel may have filed the motion for summary judgment without full knowledge of Ms. Washington's expected testimony. Accordingly, the court asks Plaintiff to file a notice, no later than August 8, 2018, setting forth her understanding of what, if any, knowledge Defendants' counsel had of Ms. Washington's anticipated testimony when she filed the motion for summary judgment.

For the foregoing reasons, Defendants' Motion for Summary Judgment is denied. The parties shall appear for Status Conference on August 9, 2018, at 10:00 a.m., in Courtroom 10.


Dated:  August 1, 2018

Amit P. Mehta
United States District Judge